UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KURTIS R. HALL,                      )<br>         Plaintiff,                  )<br>                                      )<br>    vs.                               )<br>                                      )<br>WABASH VALLEY CORRECTIONAL            )<br>FACILITY, INDIANA DEPARTMENT OF       )<br>CORRECTION, THE STATE OF INDIANA,    )<br>CRAIG HANKS in his official capacity as )<br>Superintendent of Defendant Wabash Valley )<br>Correctional Facility, and OTHER      )<br>PRESENTLY UNIDENTIFIED OFFICERS       )<br>AND EMPLOYEES OF DEFENDANTS           )<br>WABASH VALLEY CORRECTIONAL            )<br>FACILITY, INDIANA DEPARTMENT OF       )<br>CORRECTION, AND STATE OF INDIANA,    )<br>in their official capacities,         )<br>         Defendants.                 )   | 1:04-cv-1923-LJM-WTL |

**ORDER ON MOTION TO DISMISS AND MOTION TO REMAND**

This matter is before the Court on the motion to dismiss of defendants Wabash Valley Correctional Facility ("WVCF"), Indiana Department of Correction, the State of Indiana, Graig Hanks in his official capacity as Superintendent of WVCF, and other presently unidentified officers and employees of WVCF, Indiana Department of Correction and the State of Indiana in their official capacities ("Defendants"). This matter is also before the Court on motion of the plaintiff, Kurtis R. Hall ("Hall") to remand the case to state court. For the reasons set forth herein, Defendants' motion to dismiss is **DENIED** and Hall's motion to remand is **GRANTED**.

## I. BACKGROUND

Hall brought this action against Defendants alleging violations of his Eighth and Fourteenth Amendment rights under the United States Constitution, and of Article 1, Section 16 of the Indiana Constitution. Defendants removed the case to federal court on the basis that the allegations fall within the Court's original jurisdiction. Defendants later moved to dismiss this case, arguing that the Court lacks personal and subject matter jurisdiction due to the state's Eleventh Amendment immunity, and alleging that Hall has failed to state a claim upon which judgment may be granted because no private right to damages exists for violations of the Indiana Constitution.

In response, Hall has filed a motion to remand the case to state court. Hall argues that once Defendants removed this case to federal court, they cannot obtain dismissal on the basis of Eleventh Amendment sovereign immunity. Ultimately, Defendants have withdrawn their Eleventh Amendment argument, but seek dismissal based on the language of 42 U.S.C. § 1983, and because Hall has failed to state a claim.

## III. DISCUSSION

The Court must remand this case to state court because it does not have jurisdiction to decide claims for damages against the State of Indiana. This includes state agencies and state employees in their official capacities, because those claims are considered claims against the state. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988). Defendants admit that Eleventh Amendment immunity is unavailable to them at this time, because they chose to remove the case to federal court, pursuant to 28 U.S.C. § 1441. *See Smith v. Wisconsin Dep't of Agric.*, 23 F.3d 1134, 1138-40 (7th Cir. 1994); *Francis v. Wright*, 19 F.3d 337, 340 (7th Cir. 1994), *abrogated on other*

*grounds by Wisconsin Dept. of Corrections v. Schacht*, 523 U.S. 381 (1998).  This case should not have been removed absent Defendants first waiving their sovereign immunity.  *See Wright*, 19 F.3d at 340.

      Defendants argue, however, that Hall's federal constitutional claims against them are still barred because 42 U.S.C. § 1983 provides only for suits against a "person" and a state is not a "person."  The Supreme Court case on which Defendants base their argument, however, rules that a state is not a "person" because a state is a sovereign under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989).  More specifically, the Court was making clear that Section 1983 does not abrogate states' immunity from damages suits under the Eleventh Amendment.  Thus, Defendants' Section 1983 argument is simply a restatement of its Eleventh Amendment argument, which is unavailable here.  The proper course is to remand the case to state court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

      Because the remaining of Hall's claims against Defendants are state law claims, the Court will not address Defendants' arguments to dismiss them.  The state law claims are also properly remanded to state court.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **DENIED** and Hall's motion to remand is **GRANTED**.  This case is hereby **REMANDED** to the Marion County Superior Court, Defendants to pay Hall's costs and fees incurred as a result of removal.

IT IS SO ORDERED this 19th day of May, 2005.

							_____
							LARRY J. McKINNEY, CHIEF JUDGE
							United States District Court
							Southern District of Indiana

Distributed electronically to:

John D. Bodine
jdbodine@verizon.net

Todd A. Weaver
INDIANA STATE ATTORNEY GENERAL
tweaver@atg.state.in.us